IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,

    Petitioner,                        No. CIV S-07-0557 GEB EFB P

   vs.

AYERS, et al.,

    Respondents.               ORDER

_____/

     Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     Petitioner is presently incarcerated at San Quentin State Prison in Marin County. Petitioner is serving a sentence for a revocation of parole stemming from an arrest in Contra Costa County. Petitioner names as respondents the Warden of San Quentin State Prison, the Deputy Commissioner of the Board of Parole Hearings, the California Department of Corrections and Rehabilitation, the Board of Prison Terms, and the State of California.

     It is established that a petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name "the state officer having custody of him or her as the respondent to the petition." *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994). The U.S. Supreme Court recently reiterated that with certain infrequent exceptions not applicable here:

1

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); see also *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales,* supra, at 574, 5 S.Ct. 1050); *Braden*, supra, at 495, 93 S.Ct. 1123 ("'[T]his writ ... is directed to ... [the] jailer,'" quoting In the *Matter of Jackson*, 15 Mich. 417, 439- 440 (1867)). In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement–"core challenges"--the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, *not the Attorney General or some other remote supervisory official.*

*Rumsfeld v. Padilla*, 542 U.S. 426, 434-435, 124 S.Ct. 2711, 2717-2718 (2004) (emphasis added) (refusing to recognize the Secretary of Defense as the custodian of military detainees, and finding that the commander of the brig where Padilla was being held is the proper custodian). *See also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) ("A custodian 'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner). *But see Ortiz-Zandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996) (permitting the head of California Corrections to be the proper custodian, but this case is in doubt after *Padilla* which held that a remote supervisory official was not to be the custodian). Thus, the proper custodian is the warden or

sheriff in charge of the facility where the prisoner is confined.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). As a general matter, venue is preferable in the district of confinement when the petition seeks review of the execution of a sentence. *Dunne v. Henman,* 875 F.2d 244, 249 (9th Cir.1989); *cf. Laue v. Nelson,* 279 F.Supp. 265, 266 (N.D.Cal.1968) (district of conviction preferable forum to review conviction). In his petition, petitioner alleges that he was arrested in Contra Costa County and as a result was returned to prison. Petitioner challenges the timeliness and conditions of the probable cause hearing to revoke his parole as being in violation of the United States Constitution, the Americans with Disabilities Act, and the decisions in *Valdivia v. Davis,* 206 F.Supp.2d 1068 (E.D.Cal. 2000).

In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire,* 512 F.2d 918, 932 (D.C.Cir.1974).

Accordingly, IT IS HEREBY ORDERED that, in the interests of justice, this matter is transferred to the United States District Court for the Northern District of California where petitioner is incarcerated .

IT IS SO ORDERED.

Dated: April 11, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3